**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TOURO COLLEGE, MICHAEL NEWMAN and SIDNEY SIMCHA FISHBANE, | ) ) ) |
| Petitioners, | ) ) |
| v. | ) Case No. 16-3136 |
| | ) |
| FONDAZIONE TOURO UNIVERSITY ROME ONLUS, SETTIMIO DI NEPI and URIEL LATTES, | ) ) ) |
| Respondents. | ) ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respondents Fondazione Touro University Rome Onlus (the "Foundation"), Settimio Di Nepi ("Nepi") and Uriel Lattes ("Lattes") (collectively, "Respondents") hereby file this Notice of Removal, removing to this Court the case brought by petitioners Touro College, Michael Newman ("Newman") and Sidney Simcha Fishbane ("Fishbane") (each and "Petitioner" and collectively, "Petitioners") in the New York State Supreme Court, County of New York, Index No. 152674/2016.

In support of removal to this Court, Respondents state as follows:

1.     On or about July 15, 2015, the Foundation commenced a lawsuit in Rome, Italy against its former directors, Petitioners Newman and Fishbane, for claims under Italian law that correspond to breach of fiduciary duty (the "Italian Action"). On March 29, 2016, following the Foundation's initiation of the Italian Action, Petitioners commenced an action and filed an application in New York State Supreme Court, County of New York for a preliminary injunction and a temporary restraining order ("TRO"). Petitioners' application seeks: (a) an injunction ordering the Italian court to cease adjudicating the Italian Action; (b) a declaratory judgment that Newman and

Fishbane were not properly served in the Italian Action; (c) a declaratory judgment that the Foundation is required to indemnify Petitioners for costs incurred in connection with the Italian Action; (d) an injunction preventing Respondents from using the name and logo of Petitioner Touro College; and (e) other miscellaneous declaratory relief. *See* Proposed Order to Show Cause at 2-3 ¶¶ 1-5 (attached as Exhibit 1).

2.   On March 31, 2016, the New York State Supreme Court (Hon. S. Scarpulla) granted Petitioners' request for a TRO solely with respect item (d) (preventing Respondents from using the name and logo of Touro College) and denied Petitioners' request to enjoin the Italian Action. *See* Order to Show Cause at 3 (attached as Exhibit 2). A hearing date was scheduled for May 24, 2016.

3.   Respondents were served on or about April 2, 2016. *See* Petitioners' Affirmation of Service (attached as Exhibit 3). This Notice of Removal is filed within thirty (30) days of service and is therefore timely filed under 28 U.S.C. § 1446(b).

4.   Pursuant to 28 U.S.C. § 1446(a), Respondents annex hereto copies of all "process, pleadings, and orders" served on Respondents or filed with New York State Supreme Court to date, including the exhibits referred to above as well as the following documents:

     a.   Verified Petition (attached as Exhibit 4);

     b.   Request for Judicial Intervention (attached as Exhibit 5);

     c.   Affidavit of Michael Newman in Support with Exhibit 1 (attached as Exhibit 6);

     d.   Affirmation of Stewart  G. Einwohner in Support (attached as Exhibit 7);

     e.   Affidavit of Moses Krupka in Support (attached as Exhibit 8);

     f.   Affidavit of Patricia Salkin in Support (attached as Exhibit 9);

     g.   Affidavit of Brooke Shapiro in Support (attached as Exhibit 10);

    h.  Exhibits A through C (attached as Exhibit 11);

    i.  Exhibits D through J (attached as Exhibit 12);

    j.  Exhibit K (attached as Exhibit 13);

    k.  Exhibits L-U (attached as Exhibit 14);

    l.  Exhibits V-DD (attached as Exhibit 15);

    m.  Memorandum of Law (attached as Exhibit 16);

    n.  Supporting Papers after Order to Show Cause (attached as Exhibit 17);

    o.  Affirmation of Service of TRO Bond (attached as Exhibit 18).

5.   This Notice of Removal is properly filed in this Court pursuant to 28 U.S.C. § 1441(a) because the New York State Supreme Court, New York County, where the action was originally filed, is located within this judicial district.

6.   28 U.S.C. § 1441(a) authorizes removal of any civil action brought in a State court of which the district courts of the United States have original jurisdiction. Original jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(2) where there is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of a State and citizens or subjects of a foreign state, so long as the citizens or subjects of a foreign state are not lawfully admitted for permanent residence in the United States and domiciled in the same State.

7.   As set forth below, there is complete diversity of citizenship between Petitioners and Respondents under 28 U.S.C. § 1332(a)(2).

8.   For diversity purposes, a corporation is deemed to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). According to Touro College's own Verified Petition, Touro College is a corporation organized under the laws of the State of New York with its principal place of business located at 500 Seventh Avenue,

Fourth Floor, New York, New York 10010. Ex. 4 [Verified Petition] ¶¶ 6-7. Touro College is thus a citizen of New York.

9. According to Petitioner Newman's own Verified Petition, Newman is an individual residing in the State of New York. Ex. 4 [Verified Petition] ¶ 8. Based on the good faith investigation of Respondents, Newman is a citizen of the United States and no other state or jurisdiction.

10. According to Petitioner Fishbane's own Verified Petition, Fishbane is an individual residing in the State of New York. Ex. 4 [Verified Petition] ¶ 9. Based on the good faith investigation of Respondents, Fishbane is a citizen of the United States and no other state or jurisdiction.

11. Respondent Foundation is a non-profit organization established under Italian law with its principal place of business at Circonvallazione Gianicolense, 17, 00152, Roma, Italy. *See also* Ex. 4 [Verified Petition] ¶ 10. Foundation is thus a citizen of Rome, Italy. Foundation is not a citizen of any state or jurisdiction other than Rome, Italy.

12. Respondent Nepi is an individual who is a citizen of Italy residing in Rome, Italy. *See also* Ex. 4 [Verified Petition] ¶ 11. Nepi is not admitted for permanent residence or domiciled in any state of the United States, nor is he a citizen of any state or jurisdiction other than Rome, Italy.

13. Respondent Lattes is an individual who is a citizen of Italy residing in Rome, Italy. *See also* Ex. 4 [Verified Petition] ¶ 12. Lattes is not admitted for permanent residence or domiciled in any state of the United States, nor is he a citizen of any state or jurisdiction other than Rome, Italy.

14. Since Petitioners are all citizens of the United States and Respondents are all citizens of Italy, there is complete diversity between the parties under 28 U.S.C. § 1332(a)(2).

15. As set forth below, pursuant to 28 U.S.C. § 1446(c)(2)(A)(i), the amount in controversy exceeds $75,000, exclusive of interest and costs.

16. Petitioners assert that they are entitled to the issuance of "an anti-suit injunction in favor of Petitioners Newman and Fishbane and enjoining and restraining Respondent Foundation from maintaining or proceeding" with the Italian Action and "preventing the Italian Courts from entertaining" the Italian Action. Ex. 4 [Verified Petition] ¶ 1(ii).

17. As stated in the Civil Court of Rome Writ of Summons, the Foundation is seeking damages against Newman and Fishbane in excess of Euro 22,000,000 (approximately US $24,858,900) in the Italian Action. Ex. 13 (located at PDF pages 20-23 (sections entitled, "The Damage" and "Conclusions")). *See also* Ex. 6 [Affidavit of Michael Newman] ¶ 3.

18. The total damages calculation is comprised of various components, one of which is based on Newman and Fishbane's improper actions that caused a prospective investor to retract its commitment to provide financing in the amount of Euro 3,000,000 (approximately US $3,393,900) to the Foundation. Ex. 13 (located at PDF page 20 ¶ 3). This single component of the damages calculation satisfies the jurisdictional threshold, by itself.

19. Additionally, Petitioners seek a declaratory judgement that the Foundation is required to indemnify Petitioners for any and all losses incurred in connection which the Italian Action (Ex. 4 [Verified Petition] ¶¶1(e), 203-211) which, by their own admission, already exceed $50,000 (Ex. 6 [Affidavit of Michael Newman] ¶ 25(5)).

20. Thus, the amount in is controversy exceeds $75,000 and the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

21. For the foregoing reasons, this Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) as it is a matter between citizens of a State and citizens or subjects of a

foreign state with the amount in controversy exceeding $75,000, exclusive of interests and costs. Removal is proper under 28 U.S.C. § 1441(b) because this Court has diversity jurisdiction.

22. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be promptly served upon counsel for Petitioners and filed with the Clerk of the New York State Supreme Court, County of New York, as an exhibit to a Notice of Filing of Notice of Removal.

23. By filing this Notice of Removal, Respondents do not waive any defenses, including, without limitation, improper service, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

WHERETOFORE, Respondents hereby give notice that the above-reference action now pending against them in the New York State Supreme Court, County of New York, has been removed therefrom to this Court.

Dated: New York, New York
      April 27, 2016                                    Respectfully submitted,


                                        VINCENTI & VINCENTI, P.C.

                                        By:    /s/ John V. Vincenti
                                            John V. Vincenti (# JV1754)
                                            61 Broadway, Suite 1310
                                            New York, NY 10006
                                            john.vincenti@vincenti.com
                                            (212) 509-4600
                                            (212) 509-0406 (fax)

                                        *Attorneys for Respondents Fondazione Touro University Rome Onlus, Settimio Di Nepi and Uriel Lattes*